## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

THEOPHILUS TARI AGEDAH,

               Plaintiff,

     v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

               Defendants.

CIVIL ACTION NO. 3:20-CV-00868

(MARIANI, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court is an amended complaint[1] ("Complaint") filed on October 13, 2020 by *pro se* plaintiff Theophilus Tari Agedah (hereinafter known as "Plaintiff" or "Agedah"), an Immigration and Customs Enforcement (ICE) detainee currently housed at the Caroline Detention Facility in Virginia. (Doc. 20). In his original complaint, Agedah alleges that the United States Department of Homeland Security and ICE (collectively, "Defendants") negligently placed him in a restricted area of York County Prison (YCP) in York, Pennsylvania, where an inmate choked and stabbed Plaintiff resulting in physical and mental injuries. (Doc. 1, at 1-2; Doc.14; *see also* Doc. 20, at 1). Agedah seeks $17 million dollars for emotional, mental, and physical injuries caused by his negligent placement within

---

[1] Plaintiff titled his amended complaint "Leave to Amend a Civil Action." However, the Court has already granted Plaintiff leave to file an amended complaint and thus Plaintiff need not request leave to file. *See* (Doc. 18, at 12) Additionally, the Court interprets Plaintiff's "Leave to Amend a Civil Action" as an amended complaint due to the language and style of the document. Specifically, Plaintiff states that he "respectfully submits this amended Civil Action" and thus, the Court assumes that Plaintiff has filed an amended complaint and not requesting to file said complaint. (Doc. 20, at 1).

YCP. (Doc. 20, at 2). In addition, Plaintiff seeks a stay of removal through the filing of three separate motions ("Motions") on September 28, 2020, October 13, 2020, and December 7, 2020. (Doc. 19; Doc. 21; Doc. 22).

The matter is now before the Court pursuant to its statutory duty to screen a complaint under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(c)(1) and to dismiss it if it fails to state a claim upon which relief can be granted.

For the following reasons, the Court finds that Agedah's complaint fails to state a claim upon which relief may be granted, but that Agedah should be granted leave to file a second amended complaint connecting his allegations against the Defendants to organized factual occurrences. Further, it is ordered that Plaintiff's three motions for stay of removal be struck in accordance with this Court's previous order on the issue.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On September 27, 2019, Agedah filed a petition for writ of habeas corpus, a motion for leave to proceed *in forma pauperis*, a motion for preliminary injunction, and a motion to appoint counsel, all in the United States District Court for the District of Columbia. (Doc. 1; Doc. 2; Doc. 3; Doc. 4). Because the events giving rise to Agedah's claim occurred in York County in this Commonwealth, that court transferred this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 8; Doc. 9). Throughout his original complaint, Agedah refers to himself as a "petitioner," and the District Court for the District of Columbia stamped and docketed the complaint to indicate that it had been filed, not as a federal civil complaint, but as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. 1). However, the transferring court construed the complaint as one asserting

claims of negligence[2] and a motion for preliminary injunction enjoining Defendants from removing Agedah from the United States. (Doc. 3; *see* Doc. 1, at 5; Doc. 8).

In his original complaint Agedah alleged that Defendants placed himself and other detainees "in a 'Restricted Area' that was Designated ONLY for Pennsylvania State and County Prisoners in Transit" due to the overcrowding of the prison. (Doc. 1, at 1). On August 26, 2011, while Agedah was housed in the restricted area of YCP, Breon Lamar Lee attempted to murder Agedah.[3] (Doc. 1, at 2). As a result of Lee's attempt on Agedah's life, Agedah continues to suffer from mental and physical illness. (Doc. 20, at 1).

On September 18, 2020, the District Court adopted this Court's Report and Recommendation dismissing Plaintiff's original complaint without prejudice and granting Plaintiff leave to file an amended complaint. *See* (Doc. 18, at 1). The District Court specified that the amended complaint "shall consist of a single document setting forth the specific events which serve as a basis for Plaintiff's claims, the individuals and/or entities involved in these claims, the harm suffered by Plaintiff as a result of Defendants' actions, and the relief he is seeking in this case." (Doc. 18, at 2). In addition, the District Court denied Plaintiff's request for a "Preliminary Injunction preventing DHS/ICE from removing petitioner to Nigeria or any other African Country, or others." (Doc. 18, at 1; Doc. 1, at 5; Doc. 3). Thus, Plaintiff filed a Motion for Leave to Amend a Civil Action, which is presently before the Court. (Doc. 20).

---

[2] Agedah refers to the complaint as a "motion of complaint." (Doc. 1, at 6-7). Because the complaint was interpreted to include negligence claims, Agedah is thus seeking relief pursuant to the Federal Tort Claims Act (FTCA).

[3] As indicated in his complaint, Lee allegedly choked and stabbed Agedah several times. (Doc. 20, at 1).

In Plaintiff's Complaint, he asserts that the Defendants "should have known of risks involved in placing plaintiff in deadly areas . . . [,] the assailant's propensity for violence . . . [, and] the existing risk to plaintiff." (Doc. 20, at 2). Additionally, Plaintiff contends that the Defendants "breached a duty of care in violation of the Equal Protection Right of plaintiff . . . [,] violated plaintiff's substantive due process right and equal protection right by mixing plaintiff with state and county prisoner/inmates . . . [,] Defendant[s'] negligence and omission caused plaintiff long lasting irreparable injury emotionally, physically and mentally . . . [, and] as a direct result of [D]efendant[s'] negligence plaintiff now suffers from multiple medical and mental health disabilities." (Doc. 20, at 2). In Plaintiff's Motions he states that he "is very likely to succeed on the merits" and will be "'irreparably injured' and prejudiced as removal will become imminent." (Doc. 19, at 2; Doc. 21, at 2; Doc. 22, at 2).

## II.   DISCUSSION

### A. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is obligated, prior to service of process, to screen a civil complaint when the action is brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Because Plaintiff is a prisoner bringing his suit *in forma pauperis*, 28 U.S.C. § 1915(e)(2) applies. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips v. [County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]* and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.
>
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the

complaint, as well as "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

308, 322 (2007). In order to state a valid cause of action a plaintiff must provide some factual

ground for relief which "requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). A trial court must assess whether a complaint states facts upon which relief can

be granted, and should "begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court "need not credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse

v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not

assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen.

Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When it comes to the factual grounds, a court must accept as true all allegations in the

complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*

*v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

          B.   F<span style="font-variant: small-caps">AILURE TO</span> S<span style="font-variant: small-caps">TATE A</span> C<span style="font-variant: small-caps">LAIM</span> U<span style="font-variant: small-caps">NDER</span> R<span style="font-variant: small-caps">ULE</span> 8

       Having reviewed Agedah's Complaint, the Court finds that the Complaint should be dismissed for failure to state a claim under Rule 8 and Rule 12 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

       Here, notwithstanding the Court's liberal construction of the complaint as is necessary for *pro se* litigants, the Court is compelled to find that Agedah's Complaint falls short of satisfying the pleading requirements of Rule 8. Agedah has asserted conclusory allegations in his Complaint and does not provide enough facts to support his conclusions. Agedah's Complaint must "stand by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Thus, the Court must look to the Complaint for all claims and connected facts. Agedah describes an incident where another inmate "chocked and stabbed" him. (Doc. 20, at 1). However, when describing this incident and the resulting harm which Agedah suffered, he fails to provide any facts attributable to the Defendants. From there, Agedah asserts seven conclusory points regarding the Defendants. All seven fail to assert any specific facts and are insufficient and vague. As such, Agedah's pleading does not provide any meaningful opportunity for Defendants to decipher or answer the allegations levied against them. *See Twombly*, 550 U.S. at 555.

Moreover, as pleaded, Agedah's allegations do not give rise to a claim for which relief can be granted. As the District Court for the District of Columbia indicated, because Agedah seeks monetary and other relief from Defendants as arms of the United States, his claim appears to be one predicated on the FTCA. *See, e.g.*, *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."). A federal court adjudicating a case under the FTCA must apply "the law of the place where the act or omission occurred," here, YCP in Pennsylvania. *See* 28 U.S.C. § 1346(b)(1). To establish his negligence claim, Agedah must plead facts establishing four elements "(1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." *Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264, 1272-73 (Pa. 2006).

Agedah has alleged, in a conclusionary fashion, that Defendants acted negligently. The Court now turns to the four negligence factors to assess whether Agedah's broad claims meet the standard to assert a negligence claim. First, a duty of care was owed to Agedah by the Defendants. This Court has stated that "prison officials owe federal inmates a duty of care to protect them from unreasonable risk." *Freeman v. United States*, No. 1:16-CV-2422, 2018 WL 4492951, at *4 (M.D. Pa. Sep. 19, 2018). Although a duty was owed to Agedah, he has not offered sufficient facts to establish a breach of that duty. Agedah simply states that "Defendants should have known of risks involved in placing plaintiff in deadly areas . . . [and] of the assailant's propensity for violence." (Doc. 20, at 2). These conclusory statements are not enough to establish a breach. Although it appears that Agedah has taken heed of this

Court's suggestions[4] by including claims asserting a breach of duty, they are not specific enough to give direction to the Court or the Defendants to show what specific conduct Agedah is claiming resulted in his injury. Agedah must provide more specific facts along with his broad conclusions that pertain to questions like why and how the "Defendants should have known" about certain conduct. Additionally, Agedah argues that Defendants "breached a duty of care in violation of the Equal Protection Right of plaintiff." (Doc. 20, at 2). This broad assertion of a breach of the duty owed to Plaintiff by the Defendants does not state a Constitutional violation. Agedah has not adequately alleged how the Defendants breached their duty of care owed to him and fails to meet the second prong required. Thus, Agedah does not meet the burden to establish a negligence claim.

      C.  Motion for Stay of Removal

Agedah's Motions should not be granted at this time because they have not been properly filed. See (Doc. 19; Doc. 21; Doc. 22). Agedah has previously requested a stay of removal in this case (Doc. 1, at 5) and the Court has ordered that such requests must be brought in the form of a separate § 2241 habeas petition. See (Doc. 16, at 8-9); *DAJuste v. Pennsylvania*, No. 3:CV-12-0958, 2012 WL 2930213, at *3 (M.D. Pa. May 25, 2012), *report and recommendation adopted*, No. 3:12-CV-958, 2012 WL 2930301 (M.D. Pa. July 18, 2012) (stating a detainee may challenge "his current confinement by ICE in YCP pending his

---

[4] This Court stated in its Report and Recommendation (Doc. 16) that Plaintiff "has not alleged that Defendants knew or should have known of the assailant's propensity for violence, or that Agedah or anyone else informed Defendants about the risk(s) of being placed in the restricted area, or that Defendants otherwise breached a duty of care to Agedah when they placed him in the restricted area, which he alleges was a result of overcrowding." (Doc. 16, at 10). Plaintiff has now alleged some of these claims, but includes no subsequent facts supporting his allegations.

removal" and "raise[] [that challenge] in a § 2241 habeas petition with this Court.").

Additionally, if Agedah is challenging his continued detention by ICE following a final

removal order, he would need to seek review from the Third Circuit Court of Appeals. *See,*

*e.g.*, *DAJuste*, 2012 WL 2930213, at *3. Thus, assuming Agedah "request[s] release pending

his removal on the basis that his continued detention by ICE violates his constitutional

rights," the Court lacks jurisdiction to review his removal order. *See Portes-Ortiz v. Mukasey*,

No. 1:CV-08-1321, 2008 WL 2973016, at *1 (M.D. Pa. Aug. 4, 2008) ("Because this court

lacks subject matter jurisdiction to entertain the petition for review or to transfer it to the

appropriate court of appeals, *see Monteiro v. Attorney Gen.*, 261 Fed Appx. 368, 369 (3d

Cir.2008), the petition will be dismissed.").[5]

## III. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to

amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp.*

*v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave

to amend would be futile or result in undue delay, *Alston v. Parker*, 363 F.3d 229, 235-36 (3d

Cir. 2004). As the complaint in its current form does not clearly set forth factual allegations

connected to legal claims, dismissal is warranted. However, out of an abundance of caution,

and to preserve Agedah's rights as a *pro se* litigant, the Court will allow him to file a single,

unified, legible second amended complaint setting forth factual allegations and legal claims

---

[5] This Court noted in a previous order (Doc. 16, at 8-9) that the Fourth Circuit recently denied Agedah's "petition[] for review of an order of the Board of Immigration Appeals [] dismissing his appeal from the immigration judge's [] decision denying Agedah's application for withholding of removal and protection under the Convention Against Torture []." *Agedah v. Barr*, 809 F. App'x 153, (Mem)–154 (4th Cir. 2020).

in a manner that can be reviewed by the Court and, if necessary, answered by Defendants. The second amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young*, 809 F. Supp. 1185 at 1198. The second amended complaint must also establish the connection and existence of any actions taken by Defendants which have resulted in the harm alleged. Further, the second amended complaint must be "simple, concise, and direct" as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. It should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. Failure to file a second amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety. Plaintiff should not file a motion to amend his complaint, but may simply file a second amended complaint with this Court.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Agedah's amended complaint (Doc. 20) fails to state a claim upon which relief may be granted, but that he should be granted 30 days in which to file a second amended complaint. As such, Agedah should file an amended complaint within 30 days of the date of this Order, or on or before **January 15, 2021**. Further, for the reasons set forth above, Agedah's Motions for Stay of Removal (Doc. 19; Doc. 21; Doc. 22) are **STRUCK** due to their improper form.

An appropriate Order will follow.

BY THE COURT:

Dated: December 16, 2020          s/ Karoline Mehalchick
                                 **KAROLINE MEHALCHICK**
                                 **United States Magistrate Judge**

- 11 -